HANSEN BROTHERS
CONSTRUCTION,
Plaintiff,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 150 ASSISTANCE FUND, and International Union of Operating Engineers, Local Union No. 150, AFL–CIO, Defendants.

No. 97 C 6724.

United States District Court,
N.D. Illinois,
Eastern Division.

March 11, 1999.

---

Frederick L. Schwartz, Littler Mendelson, P.C., Chicago, IL, for Plaintiff.

Louis E. Sigman, Baum, Sigman, Auerbach, Pierson & Neuman, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Hansen Brothers Construction ("Hansen Brothers") filed suit against the International Union of Operating Engineers, Local No. 150 Assistance Fund ("Local 150 Fund"), and the International Union of Operating Engineers, Local Union No. 150 ("Local 150"), under the Federal Arbitration Act, 9 U.S.C. § 10, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Hansen Brothers seeks an order vacating grievance committee awards totaling more than $16,000. The defendants filed a counterclaim seeking enforcement of those awards.

I have jurisdiction[1] in this case under 29 U.S.C. § 185(c) and 28 U.S.C. § 1331.

The defendants have moved for summary judgment. For the reasons set forth below, the motion is denied.

### Background[2]

In 1970, Ron Hansen formed Hansen Brothers, which he operated out of his home in Mazon, Illinois. The company did excavating work, repaired tile for farmers, and performed digging for other contractors. In May 1970, Mr. Hansen executed an agreement between Hansen Brothers and Local 150 that adopted the collective bargaining agreement known as the Illinois Heavy and Highway and Underground Agreement ("Master Agreement").

The plaintiffs assert that Hansen Brothers was dissolved in 1972 when Mr. Hansen formed a partnership called A & A Asphalt with two other men. When that partnership ended in 1974 or 1975, Mr. Hansen formed Hansen Construction, which installed sewer and water lines and did asphalt paving. Hansen Construction operated out of Mr. Hansen's home and farm, and had three or four full-time employees during the summer months.

In 1983, Hansen Construction switched its business to buying, selling and renting equipment.[3] Also in 1983, Mr. Hansen formed American Development, Inc. ("ADI"), which did the same type of work Hansen Construction previously had done. Customers of Hansen Construction then switched to ADI, which has offices in Morris, Illinois, and Tulsa, Oklahoma. ADI has about 20 employees.

Four years later, Mr. Hansen purchased an asphalt plant in Morris, Illinois, and

---

**1.** Hansen Brothers asserts it had no employees and was not an employer for purposes of the LMRA. Therefore, Hansen Brothers argues there is no subject matter jurisdiction. *See Laborers' Pension Fund v. Joe Cachey Constr. Co.,* 947 F.Supp. 365, 368 (N.D.Ill. 1996) (citing 29 U.S.C. § 185(a)); *Railroad Maintenance Laborers' Local 1274 Pension, Welfare & Education Funds v. Kelly R.R. Contractors, Inc.,* 591 F.Supp. 889, 892 (N.D.Ill. 1984). However, in a Section 301 context, the presence of a statutory employer is not a jurisdictional fact. *International Union of Operating Engineers, Local 150 v. Rabine,* 161 F.3d 427, 430–31 (7th Cir.1998). The absence of such an employer does not deprive a court of jurisdiction to hear a claim to enforce an arbitral award. *Id.* at 430.

**2.** The following facts are undisputed unless otherwise indicated.

**3.** Hansen Construction remains in business but has no employees. (Ron Hansen Dep. at 31.)

formed American Supply, which manufactures and sells asphalt and bituminous concrete. American Supply has had as many as three employees.

The instant suit arose as a result of three grievances filed in 1997 by Local 150 against Hansen Brothers. One grievance alleged Hansen Brothers worked on a paving job in Mazon, Illinois, without employing union members. The other two accused the company of operating an asphalt plant in Morris, Illinois, without employing union members. The grievances were submitted to a Joint Grievance Committee formed pursuant to the Master Agreement. After conducting hearings, the committee found in favor of Local 150 and ordered Hansen Brothers to pay the Local 150 Fund a total of $16,128 in wages, fringe benefit contributions and liquidated damages.

Hansen Brothers refuses to comply with the committee's awards, arguing that the work in question was done by American Supply and ADI, which are not bound by the agreement between Local 150 and Hansen Brothers. The defendants contend American Supply, ADI and Hansen Construction are alter egos or successors of Hansen Brothers and therefore are bound by the original agreement.

### Motion for Summary Judgment

Contrary to the defendants' assertions, there are genuine issues of material fact as to whether those three companies are alter egos or successors of Hansen Brothers. *See* Fed.R.Civ.P. 56(c). First, it is questionable whether there has been a substantial continuity of business operations. *International Union of Operating Engineers, Local 150 v. Centor Contractors, Inc.*, 831 F.2d 1309, 1312 (7th Cir. 1987) (citations omitted). Although Hansen Brothers and the other three companies all performed (or are performing) construction or construction-related work,

not all the work is the same. Hansen Brothers did excavating work, repaired tile for farmers, and did digging for contractors who were building concrete sidewalks, patios, and driveways. (Ron Hansen Dep. at 18–19; Ron Hansen Aff. ¶ 3.) That is different from the sewer and water line installation and asphalt paving done by Hansen Construction and ADI. (Ron Hansen Dep. at 29, 35.) American Supply is in another line of work altogether, manufacturing and selling asphalt and bituminous concrete. (Ron Hansen Dep. at 44; Ron Hansen Aff. ¶ 9.) Further, according to Hansen Brothers, the assets, funds and records of the four companies were kept separate. (Ron Hansen Aff. ¶¶ 10, 12.)

It is also questionable whether the same or substantially the same work force was used. The plaintiffs assert that Hansen Brothers was a sole proprietorship that had no employees other than Mr. Hansen himself.[4] (Ron Hansen Dep. at 19–20; Ron Hansen Aff. ¶¶ 3, 5–6.) Therefore, Hansen Brothers could not have employed the same or substantially the same work force as the other three companies. (Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. at 14.) For the same reason, the plaintiffs assert Hansen Brothers did not have the same jobs under the same working conditions as ADI, American Supply and Hansen Construction.

Also in dispute is whether the same machinery and equipment were used. The defendants cite evidence that a grader bearing the name "Hansen Brothers" or "Hansen Brothers Construction" was being used by a Ron Hansen-owned company other than Hansen Brothers in the 1980s. (Gene Hansen Dep. at 37–40.) However, that is just one piece of equipment. It is undisputed that Hansen Brothers and Hansen Construction each owned or operated several other pieces of equipment, as does ADI. Among some 30 items (for all three companies), there is virtually no overlap from one company to the next.

---

4. Mr. Hansen could not be his own employee. Under the LMRA, the term "employee" means "someone who works for another for hire." *National Van Lines, Inc. v. NLRB*, 273 F.2d 402, 404 (7th Cir.1960) (emphasis added).

Finally, it is questionable whether Hansen Brothers had an unlawful motive or intent to avoid collective bargaining agreement obligations. *Board of Trustees of Chicago Plastering Inst. Pension Trust Fund v. William A. Duguid Co.,* 761 F.Supp. 1345, 1348 (N.D.Ill.1991) (citing *Centor Contractors,* 831 F.2d at 1312). Ron Hansen denies any such intent,(Ron Hansen Aff. ¶¶ 7–8), and the defendants present virtually nothing to show otherwise. Instead, they assert "there is no rule that the finding of a wrongful motive is an essential element of a finding of alter ego status." (Def. Mem. in Supp. of Mot. for Summ. J. at 9.) However, in the Seventh Circuit it is well settled that "unlawful motive or intent are critical inquiries in an alter-ego analysis." *Central States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc.,* 85 F.3d 1282, 1288 (7th Cir.1996) (citing *Trustees of Pension, Welfare & Vacation Fringe Benefit Funds of IBEW Local 701 v. Favia Elec. Co.,* 995 F.2d 785, 789 (7th Cir. 1993)); *Centor Contractors,* 831 F.2d at 1312.

It is far from clear that Hansen Construction, ADI and American Supply are successors or alter egos of Hansen Brothers, and thus bound by the original agreement between Hansen Brothers and Local 150. Viewing the evidence in the light most favorable to Hansen Brothers, and drawing all reasonable inferences therefrom, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), I find there are genuine issues of material fact that preclude granting of summary judgment for the defendants. Accordingly, their motion for summary judgment is denied.

*Conclusion*

For the foregoing reasons, the defendants' motion for summary judgment is denied.